CAMPBELL v. GULF, M. & N. R. Co.

[89 South. 1, No. 21934.]

1. TRIAL. *Direction of verdict improper, where evidence conflicting.*
A verdict should not be directed, where the evidence is in conflict.

2. RAILROADS. *Negligent killing of child shown.*
In an action against a railroad company to recover damages for the death of a child, killed by being struck by one of the company's trains, the jury would be warranted in finding that the child was struck because of the negligence of the engineer of the train, if it appears from the evidence that the child was on the track as the train approached, and was struck while attempting to escape, if it further appears that the enginees saw the child in ample time, but did nothing, to prevent the train from striking it.

APPEAL from circuit court of Forrest county.
HON. R. S. HALL, Judge.

Action by Austin Campbell against the Gulf, Mobile & Northern Railroad Company. Judgment for defendant on a verdict, and plaintiff appeals. Reversed and remanded.

*J. W. Cassedy, Currie & Currie* and *C. A. McSwain,* for appellant.

*J. N. Flowers* and *Ellis B. Cooper,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an action at law, in which the appellant seeks to recover from the appellee damages for the death of his minor son, James Campbell, alleged to have been struck and killed by one of appellee's trains, because of the negligence of its employees in charge thereof. At the close of the evidence the court directed the jury to return a verdict for the appellee, and there was a verdict and judgment accordingly.

For two miles and more south of Beaumont there is a wire fence on each side of appellee's railroad track, and at intervals steps have been built over each of these fences, by which persons desiring to do so can cross from one side to the other. In the brief of counsel for the appellee it is said that these steps were built by the appellee; but it does not appear from the evidence by whom they were built. Quite a number of persons live near the railroad south of Beaumont and within two miles thereof, and are accustomed to travel the roadbed in going from their homes to Beaumont and returning therefrom, and among them are a number of school children, who are accustomed to travel the roadbed each day while the school at Beaumont is in session.

On the 8th day of April, 1920, James Campbell, a six year old son of the appellant, while returning to his home from school, was struck and killed by one of the appellee's trains. The case for the appellant rests on the testimony of two witnesses, one of whom, a woman who lived near the railroad at the place where the deceased was killed, stated that on the occasion in question her attention was attracted by the whistling of the train, and on looking she saw the deceased, accompanied by several other children, pass in

front of her door on the railroad track, followed immediately thereafter by the train, and a few minutes afterwards the train backed, and she then discovered that the child had been killed. One of the children who accompanied the deceased, a girl about fourteen years old, testified that they were walking down the middle of the track, when they discovered the train just behind them, whereupon she and her companions, except the deceased, ran off the track and down the embankment, which was several feet high, and that she looked back before the train had fully passed, and saw that the deceased had been struck by the train. According to her testimony no signal that the train was approaching was given by the engineer thereof, either by bell or whistle.

The train was a regular passenger train, composed of three coaches, and was running between twenty and twenty-five miles an hour at the time the child was struck. Two of the passengers on the train, who were sitting in the rear seat of the rear coach, testified that as the train passed the place where the deceased was struck they saw several children playing on the right of way about twenty-five feet from the track, and that they heard the sound of the car striking something, accompanied by a scream, and immediately thereafter learned that the child had been killed. Two employees of the train, testified that they heard the rear steps of the train strike something, felt the shock thereof, heard a scream, looked immediately, and saw the child roll down the embankment. One of these employees immediately stopped the train, which signal the engineer obeyed, and backed the train to where the child was.

The engineer testified that he was on the lookout, and saw the children in plenty of time to have stopped the train, had they been in danger, but that, instead of being on the track, they were some distance therefrom, playing in water in a barrow pit canal extending along the track, and that he gave no signal of the train's approach. In this he was corroborated by the fireman. The engine was

equipped with the usual pilot across the top of which a bar extends the full width of the train.

The girl who testified for the appellant was asked if she had not stated, immediately after the child was struck, that the children had agreed to see who could first cross the track after the train passed, and that the child was attempting to do this when it was struck by the train. She denied having made such a statement, but witnesses for the appellee testified that she did make it.

One of the contentions of the appellant is that the deceased was on the track by the implied invitation of the appellee, and consequently the duty owed him by the appellee's servants was greater than it would have been had he been a mere trespasser. This contention, however, will be left out of view for reasons that will hereafter appear.

The contention of the appellee is that it is manifest from the evidence that the deceased was not on the track, but was in a place of safety, when the train passed, for, if he had been then on the track, he would have been struck either by the pilot of the engine or by the bar which extends across the top thereof, and not by the rear steps. On the evidence that question was for the determination of the jury, for, if the testimony of the girl who was with the deceased at the time he was killed be true, the deceased was on the track immediately in front of the train, and was struck by some portion thereof while attempting to escape being struck thereby. If this is true, the jury would have been warranted in finding that the death of the child was caused by the negligence of the engineer, for it is clear from the engineer's testimony that, if the child was in fact on the track when the train approached, he saw him in ample time to avoid striking him.

*Reversed and remanded.*